No. 11,636.

GROSS BERGMAN MANUFACTURING CO. v. FEIL.

Decided November 1, 1926.

Action on promissory note.  Judgment for defendant on counterclaim.

*Affirmed.*

*On Application for Supersedeas.*

1.  MASTER AND SERVANT—*Salesman—Expense—Contract.*  Contract covering expense or drawing account of a traveling salesman construed, and held, that the balance remaining in the account at the end of the period, belonged to the salesman.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, for plaintiff in error.

Mr. JOHN S. GIBBONS, Mr. A. R. MORRISON, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court, hence we refer to them as plaintiff and defendant.

This suit was brought on a promissory note for $500. The indebtedness was admitted and alleged damages for breach of contract pleaded as a counterclaim.  The defense was sustained and judgment for the difference,

$659.90, was entered against plaintiff. To review that judgment it brings error and asks that the writ be made a supersedeas.

The question before us is the validity of the counter-claim and that depends upon the interpretation of a contract. Defendant had succeeded to the claim of her husband (hereinafter referred to as "Feil") who had been employed by plaintiff as a traveling salesman. The contract was in writing and provides (paragraph 5) that Feil shall "pay all his own expenses." Paragraph 7, as admittedly modified, reads: "The first party (plaintiff) shall advance to the second party (Feil) the sum of $125.00 per week for seven months, beginning October 1, 1923, which is to be used by the second party to cover his traveling expenses and incidental expenses in his said employment, and is to be charged against him as a drawing account, and deducted from any amounts due the second party as commissions; but any excess of said drawing account over and above the amount of commissions due at the end of the year, shall not be a personal charge against the second party."

At a later date there was added to this contract an agreement "to credit F. Feil's drawing account with $250.00" in consideration of his relinquishment of certain territory assigned him under the original contract.

Plaintiff contends that this "drawing account" was limited to Feil's "actual expenses in his employment," except as applied on his commission of ten per cent on goods sold. Defendant contends that the balance, above expenses, "were the salesman's absolutely." We agree with her. If the drawing account, exclusive of commissions, must be applied to expenses and the remainder, if any, returned to plaintiff, then the whole account was a trust fund belonging to plaintiff and it was paying Feil's expenses. The undisputed agreement was to the contrary. If plaintiff's position were correct then any excess above actual expenses and commissions would be "a personal charge against the second party." The

undisputed agreement was to the contrary. If the drawing account belonged to plaintiff then instead of paying Feil for the relinquishment of territory it paid itself and Feil relinquished without consideration. The modification on that subject is to the contrary.

Plaintiff insists that its position as to the $250 is supported by an entry in its books made under the direction of Feil and O. K.'d. by him. That entry reads: "As per verbal agreement, and as per readjusting territory which has been assigned to Mr. F. Feil, on written agreement of previous date, it is agreed to credit F. Feil's drawing account with $250.00 and should his drawing Acct. by Oct. 1, 1924 (after comm. have been deducted) be overdrawn $500.00 or over, then his Acct. should be credited with $500.00. State of Kansas, Missouri, Iowa and Minneapolis relinquished. OK Fred Feil 12–31–23."

It seems to us that the only possible interpretation of this entry is that Feil should be paid $250 to give up the territory mentioned, which sum should be doubled if his sales reached a given figure.

It should be added that there is ample evidence, if evidence were necessary, to support the foregoing interpretation.

The supersedeas is accordingly denied and the judgment affirmed.

Mr. Justice Campbell not participating.